IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWIN F. WASHINGTON,
    Petitioner,

vs.                                                     Case No. 5:07cv158/RS/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon Petitioner's petition for writ of mandamus (Doc. 1). Petitioner has also filed a "Notice to Invoke Discretionary Jurisdiction" (Doc. 2). Leave to proceed in forma pauperis has been granted (Doc. 7). From a review of the petition, it appears this court does not have subject matter jurisdiction; therefore, dismissal of this action is warranted.

       A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Petitioner, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)).

To determine whether subject matter jurisdiction exists in a mandamus action, the court must consider the elements for issuance of a writ of mandamus, as set out in 28 U.S.C. § 1361. Section 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." Maczko, 814 F.2d at 310; *see also* Vishnevsky v. United States, 581 F.2d 1249, 1253 and n.4 (7th Cir. 1978).

In the instant petition, Petitioner attempts to invoke this court's jurisdiction under Rule 9.030(b)(3) of the Florida Rules of Appellate Procedure and Dept. of Health and Rehabilitative Servs. v. Hartsfield, 399 So. 2d 1019 (Fla. 1st DCA 1981) (discussing the standard for entitlement to the "extraordinary writ of mandamus" under Florida law), and he seeks relief in the form of a writ of mandamus (*see* Doc. 1 at 1). In the notice filed with his petition, which is captioned as "In the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida," Petitioner alleges retaliatory treatment by the Florida Department of Corrections ("DOC"), including "physical abuse, verbal threat[s], [and] false disciplinary reports" (Doc. 2 at 1). Petitioner requests that this court review certain video tapes from DOC cameras, claiming that they establish that five disciplinary reports received by Petitioner were the result of a "cover up for officer misconduct" (*id.*). Petitioner states that he is not receiving a fair hearing from "the court's [sic] in Tallahassee, Florida" and alleges that the courts "are working with" the DOC (*id.*). Petitioner, however, does not specify the precise conduct he seeks to compel. Additionally, despite pursing his claims in this court, Petitioner has cited only to state authority in support of his claims, and has even captioned his "notice" (Doc. 2) as if it were intended to be filed with a state appellate court.

In this case, it is clear that a writ of mandamus should not issue. The court need not decide whether a duty is owed to Petitioner, as it is plainly evident that this action does not seek to compel an <u>officer or employee of the United States or any agency thereof</u> to act or refrain from acting.

Furthermore, it is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative

Case No. 5:07cv158/RS/EMT

and judicial proceedings. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). The Rooker and Feldman decisions have become known as the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486). Furthermore, under the Rooker-Feldman doctrine, a federal court "may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment.'" Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (citing Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988) (quoting Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983)). A federal claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Datz, 51 F.3d at 253–54 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring)). This court cannot determine such inextricably intertwined claims even if the federal claim was not raised in state court, as long as there was a reasonable opportunity to do so. Liedel v. Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1545 and n.4 (11th Cir. 1990) (citing Wood, 715 F.2d at 1546–47). Thus, to the extent Petitioner asks this court to act in an appellate capacity and review state decisions that have been rendered, or to review evidence and determine whether disciplinary reports utilized in state court proceedings were falsified (*see* Doc. 2 at 1; Doc. 1 at 1), he is not entitled to relief.

Finally, although it is far from clear, to the extent Petitioner appears to request that this court intervene in an ongoing state court proceeding[1] to ensure that he receives a fair hearing and to prevent alleged collusion between the state court and the DOC (*see* Doc. 2 at 1; Doc. 1 at 1), Petitioner has failed to state a claim. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great

---

[1] Petitioner specifically states, "I am not receiving a fair hearing." (Doc. 2 at 1).

and immediate harm.  Younger v. Harris,  401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also* Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975).  In the instant case, Petitioner does not allege the existence of extraordinary circumstances or that this court's failure to intervene will subject him to great and immediate harm.  Therefore, if the state court proceedings are criminal in nature, Petitioner has failed to satisfy the standard for this court's intervention.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of mandamus (Doc. 1) be **DISMISSED** for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

At Pensacola, Florida this 3rd day of August 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**